DRAGEE CORPORATION, Landlord, Appellant, *v.* LEO COHN et al., Tenants, Respondents.

Supreme Court, Appellate Term, First Department, January 11, 1946.

, *Vito J. Guariglia* for appellant.

*William Jacobs* and *Charles Eno* for respondents.

EDER, J. The landlord sought to obtain possession of the demised premises, alleging that rent in the sum of $766.67 had become due for the month of April, 1945; that the tenants had made default in the payment of this rent; that the tenants after such default hold over and continue in possession of the premises without the permission of the landlord and a final order was prayed for awarding possession of the premises to the landlord and a personal judgment for this rent.

The case was tried upon an agreed statement of facts. The parties entered into a written lease, dated December 1, 1943; said lease reserved an annual rental of $8,000 and by its terms was to expire on December 31, 1945, with an option to renew for two more years. Under the terms of the lease the rent for the month of April, 1945, was the sum of $666.67, which the tenants offered to the landlord in payment of the rent for the business space occupied by the tenants under the lease. The landlord rejected the offer in this amount and demanded in writing that the tenants pay the sum of $766.67 as the correct rent for April, 1945, and upon the tenants' refusal to do so, instituted this proceeding.

The theory upon which the landlord demanded the larger sum is that under the provisions of subdivision (c) of section 2 of chapter 314 of the Laws of 1945 (known as the Business Rent Law), it was entitled to the larger sum as the " emergency

rent '' as therein defined, and was thus entitled to the rent reserved and payable under the lease, plus 15% thereof, making a total of $766.67.

The answer of the tenants admitted the allegations of the petition but denied that the landlord was entitled to the increase of 15% as emergency rent, and alleged its tender of $666.67, the amount reserved in the lease. In challenging the landlord's claim to the 15% increase, the tenants relied on section 5 of said Law, which they contended prohibit the landlord from exacting the increase.

This appeal presents to this court the construction of these provisions.

So far as here relevant, section 8 of chapter 314 declares that '' So long as the tenant continues to pay the rent to which the landlord is entitled, under the provisions of this act, no tenant shall be removed from any business space, by action or proceeding to evict or to recover possession   *   *   *.''

The rent to which the landlord is entitled under the provisions of the act is styled '' emergency rent '', and is defined by subdivision (c) of section 2 thereof. So far as here pertinent it is declared to be '' The rent reserved or payable under any lease, agreement or tenancy of business space in force on June first, nineteen hundred forty-four, plus fifteen per centum of such rent   *   *   *.''

The landlord contends that this provision authorizes the 15% increase in the rent which it has required the tenants to pay; that the lease between the parties on June 1, 1944, reserved a rent of $666.67 and the statute authorizes an increase of 15% of this amount.

Section 5 of the Act provides: '' Nothing contained in this act shall authorize a landlord to seek, demand or receive increased rent, (a) under any lease or rental agreement made prior to the effective date of this act wherein the rent reserved does not exceed the emergency rent; or, (b) under any lease or rental agreement made after the effective date of this act wherein the rent reserved is less than the emergency rent.''

Since the lease was made prior to the effective date of the act and since the rent reserved therein does not exceed the emergency rent, it would seem clear that the landlord is not authorized to demand the increase in the rent. But the landlord contends that the rental provisions of the lease are displaced by the emergency rent as defined by subdivision (c) of section 2. The landlord advances, in support of its position, the following features for consideration in the construction and interpretation of these provisions of the statute, viz., (1) that if there were

no lease herein the appellant would be entitled to recover the June 1, 1944, rent, plus 15%; (2) if the lease reserved present rental in excess of the emergency rent, such rent is exorcised by the statute; (3) if the presently reserved rent equals the emergency rent the landlord cannot demand more. As a further feature the point is made that in the case at bar the landlord seeks to get only the amount of the emergency rent to which it would be entitled if there had been no lease, and that by reasonable construction the legislative intent was that in such a situation the landlord should be entitled to get at least the amount of the emergency rent and that it should accordingly be held that where the landlord, by virtue of the provisions of the lease, does not get it, the rental provisions of the lease must be deemed displaced by the emergency rent as defined by subdivision (c) of section 2.

Summarized, I comprehend the landlord's position to be this: that the Legislature sought to treat fairly with both landlord and tenant in relation to the payment of rent, and that while it restricted the right of the landlord to charge a rental in excess of the amount prescribed by subdivision (c) of section 2, it intended that where the rent charged on June 1, 1944, did not equal the statutory rent, the landlord should be entitled, in any event, to at least the emergency rent, despite the fact that by lease or rental agreement the rent charged was less than the emergency rent; that the Legislature recognized that the landlord, in order to survive the emergency, must be permitted to charge, at all events, at least the emergency rent; that such a construction of the statute accomplishes the attainment of consistency in business rent control.

The argument is not wholly devoid of logic; it has its measure of substance to commend it. But if it was the intention of the Legislature that in the situation disclosed the landlord should be entitled to at least the statutory rent, it would seem that the Legislature would have plainly said so; instead, clause (a) of section 5 expresses, in my opinion, a decided negation, a clear intent that no increased rent shall be allowed above that provided in the lease where such increase would make the rent greater than that prevailing on the effective date of the act.

For the reasons stated, it is my conclusion that the determination made by the court below is correct.

The final order appealed from should be affirmed, with $25 costs.

HAMMER and McLAUGHLIN, JJ., concur.

Order affirmed.